STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOREN GILBERT STRATTON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0896** (BOR Appeal No. 2045233)
                    (Claim No. 870020207)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ACF INDUSTRIES, LLC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Loren Gilbert Stratton, by Edwin H. Pancake, his attorney, appeals the West Virginia Workers' Compensation Board of Review's Order denying massage therapy. The Insurance Commissioner of West Virginia, in its capacity as administrator of The Old Fund, by John H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 9, 2011, in which the Board affirmed an October 8, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 29, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

In this case, Mr. Stratton worked as a power house engineer for ACF Industries, LLC. He injured his back on October 25, 1986, and was awarded a second injury life award and has required ongoing periodic medical treatment. In 2010, Mr. Stratton requested authorization for bi-monthly massage therapy sessions to relieve his pain. The claims administrator denied the request for the massage therapy on March 29, 2010.

The Office of Judges, in reaching its decision to affirm the claims administrator's denial of the request for massage therapy, noted that massage therapy is not a covered service except that three sessions might be provided if the massage therapy is not the sole means of treatment. Mr. Stratton disagrees and asserts that the massage therapy relieves his pain and allows him to rest so it is reasonably required as treatment for his compensable injury. The Office of Judges noted that since massage therapy appeared to be the only current medical treatment, the claimant would not be entitled to massage therapy. The Board of Review reached the same reasoned conclusion in its decision of May 9, 2011. We agree that there is insufficient evidence to establish the massage therapy as medically related or reasonably required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 8, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II